NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—December, 1886.

MATTER OF COHN.

*In the matter of the estate of* CHARLES COHN, *deceased.*

An executor or administrator cannot get the judgment of the Surrogate upon a question of paying the bill of counsel for services rendered in the administration of the decedent's estate, but must rely upon his own convictions of propriety and legality, and await a reckoning upon the settlement of his account.

SUBMISSION of question to Surrogate, upon agreed facts.

KURZMAN & YEAMAN, *claimants.*

SIGISMUND KAUFMANN, *executor.*

THE SURROGATE.—The will of this testator appoints one Sigismund Kaufmann as its executor. It contains the following provision : " Should Mr. Kaufmann by any cause be prevented from serving as executor, Dr. Rudolph Frankel may step in as alternate, or if he too should be prevented, Mr Albert Klamroth will be kind enough to act as executor of my will."

At the time of Mr. Cohn's death, Mr. Kaufmann was absent from the country, and it was uncertain when he would return. For reasons set forth in the statement of facts submitted upon the present application, Dr. Frankel proceeded to propound the will, and employed counsel to advise and assist him in the conduct of the proceeding for its probate. Probate was subsequently decreed, and letters testamentary

were issued to Mr. Kaufmann. The statement of facts above referred to has been agreed upon by him, and by the proponent's attorneys, in order, as they say " to avoid expense of controversy and action, and with the object of getting the judgment of the Surrogate whether the said bill should be paid or rejected." This court is without jurisdiction in the premises. An administrator or executor is at liberty to pay "such sums as are just and reasonable " for rewarding legal services rendered in its administration, and for such expenditures is entitled to reimbursement out of the funds of his decedent's estate (L. 1863, ch. 362; Stokes v. Dale, 1 *Dem.*, 260; St. John v. McKee, 2 *id.*, 236 ; Journault v. Ferris, 2 *id.*, 320).

He must act upon his own responsibility, and, upon the settlement of his accounts, when all persons interested in such estate are before the court, his claim for credit can be considered and passed upon. If, in the case at bar, the executor shall decline to recognize the claim of the proponent's attorneys, they must of course seek their remedy in some other tribunal.